The next case on our call this morning is agenda number 4, case number 104-279, People of the State of Illinois v. Howard L. Rowell. Mr. Ryan, are you ready to proceed? My name is Marty Ryan. I am counsel for Howard Rowell. In this case, Mr. Rowell was charged with felony retail theft in excess of $150. The subject was about 15 Xbox games, which he took home from a store where he was employed over a span of about six weeks. The charge alleged that the Xbox games were taken, quote, during a continuous course of conduct, unquote, instead of the required, quote, in furtherance of a single intention in design, unquote, element. The case went to a stipulated bench trial. All the evidence came in by stipulation. The defendant presented no evidence at all. Essentially, the evidence was that Mr. Rowell would take games home if he liked it. The games were individually worth anywhere between $18 and just under $50 apiece, and apparently occasionally he paid for a game. Counsel at the stipulated bench trial argued correctly that the continuous course of conduct language contained in the charge wasn't anywhere in the retail theft statute and didn't properly aggregate anything. It wasn't an element in that all the state had proven were misdemeanors. No one, you know, the state had no response to this, you know, on the legal sufficiency of its charge, and the court took the case under advisement. The court then rendered a verdict, finding the defendant guilty of the felony, without any discussion of the problem with the state's charge. Counsel then files a post-trial motion, a motion in arrest of judgment, which argues for the first time in this case that it didn't properly state a felony, citing that this court's opinion in Bren is very clear, and I believe section 111-4C, the Code of Criminal Procedures, which clearly states, has a list of offenses where you can aggregate misdemeanors into a felony in furtherance of a single intention in design. And, you know, when the case goes to court, the entire court's entire analysis is, I looked at that issue and I believe that there is some case law that directly supports the court's ruling on that and the motion will be denied. And that's a quote. No case law has yet been cited on the supporting proposition that you can stick during a continuous course of conduct in as a substitute for furtherance of single intention in design. I believe reversal is required in this case. Mr. Rall currently stands convicted of a felony in a case where the state improperly charged that felony. The trier of fact never applied the proper aggregating element to the actual controversial part of the case at a stipulated bench trial where the defendant lost all his rights to confront and cross-examine witnesses in advance without his agreement or any admonishments about that right. As I stated before, the proper element is in furtherance of a single intention in design, and I think it's very clear that it's an element. The appellate court here even agreed, you know, though finding lack of prejudice, which I will get to in a moment, agreed that the charge was deficient and that single intention in design is not stated by during continuous course of conduct. Because counsel did not make this challenge pretrial, it's under the prejudice standard of quadrato, which is that a charge is sufficient even though any deficiencies are overcome or reversal is not required if it apprises the accused of the offense charge with sufficient specificity to prepare his defense. In this case, the prejudice was, well, there were several aspects to it. The improperly charged gentleman went to the heart of the case. This wasn't an uncontested aspect of it, but this went to what counsel was trying to argue about whether this was a felony or a series of misdemeanors. There's no mention of the proper element in trial. In fact, the judge never applies this. Never once, you know, says, counsel, you know, you're right, and I considered that, and I find that this really wasn't furtherance of a single intention in design, despite the fact that the state didn't charge it. There was no acknowledgment that there was any mistake by the court. And when the court says it looks. So the prejudice was that the judge got it wrong? That's part of it. Also, well, I think that's the ultimate prejudice, Your Honor, and I realize it doesn't go to counsel. I mean, also, counsel didn't, because of this, the element is not in the charge. And, in fact, the element would not be found in the retail theft statute cited in the state's charge. So counsel didn't even have the proper standard to argue at trial because it wasn't in the charge and it wouldn't have been found there. And then on top of that, while it doesn't, it isn't, it isn't exactly the defendant's, defendant's ability to present a defense, the error goes so far that the court doesn't even apply it, which I think is even worse than defense counsel not being able to argue what the proper element is that distinguishes felony from misdemeanor. I mentioned in my brief the Arbo case where basically the same error occurred, where the state there tried to fix it mid-trial and it was still held to be prejudicial, supports the defendant's argument. And I distinguish this court's opinion in Quadrato, Quadrato, excuse me, because unlike this case, the record there showed that counsel there had actual knowledge of the proper element. There, I believe, the state had, the charges had solicited rather than the required element of procured. But counsel actually argued failure to prove procurement there by showing actual knowledge at the trial and there's no prejudice. Well, here, you look at the jury trial, or the stipulated bench trial transcript, excuse me, I misspoke. If you look at that transcript, counsel never says, and this was not in furtherance of a single intention in design, I found the state's mistake. He says, I don't know what this during and course of conduct is. That isn't anything that I'm, that applies to retail theft. At this point, if there are no further questions, I'll stand on the arguments that I raised in the rest of my brief. Thank you, Mr. Ryan. Mr. Levin. Thank you, Your Honor. Good afternoon. May it please the court, I'm Assistant Attorney General Eric Levin on behalf of the people. I think I will start where opposing counsel just left off, where he's discussing the fact that, or as he alleges, the trial court never actually found the single intention in design element. At first, I think I should point out that I don't think that issue framed that way was fairly raised in the defendant's opening brief. The defendant in his opening brief argued first that the evidence was insufficient to find the single intention in design element, and he argued secondly that the information was insufficient and that, therefore, under the prejudice standard, he was entitled to relief on the grounds that the errors in the information prejudiced his ability to raise a defense. And we addressed both of those issues in our brief, pointing out, one, that the typical Jackson standard for sufficiency of the evidence applies to this case, and under that standard, the evidence here clearly was sufficient. And second, we point out that under the quadrato standard, he has to show some way in which the not he has to show more than simply that the information was not strictly in compliance with the law or in some way technically incorrect, but he has to show that the errors in the information, the information was so imprecise that it did not alert him to the precise offense with which he was charged. Mr. Levine, did the court find that there was not a single intention in design? Did they not find it? Do you agree with him? No, I don't agree with that, Your Honor, and let me explain why. It was clear to the parties that the defendant was being charged with felony retail theft, which is retail theft of property in excess of $150, and that in order to prove that, the state was attempting to aggregate those charges. The defendant's argument at trial was that they had not linked these up. This was nothing more than a bunch of misdemeanors. It was not a felony. And as opposing counsel pointed out, the defense counsel was aware at that time that continuing course of conduct was not the technical language, but he did not point out at that time that it was what the correct language was. I think about three weeks later, after the guilty finding, he filed the post-trial motion, where at that time he does point out that single intention in design is the correct language, and he argued in the post-trial motion essentially what he argued in his opening brief, was that, one, that the evidence was insufficient to find that element, and that, two, he was entitled to have the information essentially thrown out after trial because of the prejudice standard. The trial court rejected the post-trial motion, which I think is a clear indication that the trial court said, I did consider that, and it was fine. So he rejected the argument that the evidence was insufficient, and he rejected the argument that the defense was prejudiced. This court held that, and I think even opposing counsel recognized it in his brief, that the presumption is in a bench trial that the trial judge knows the law and applies it correctly. That presumption is only rebutted when there's affirmative material in the record to demonstrate otherwise. Here, this is not a case where the trial court himself affirmatively misstated the element. The trial court didn't say, I found that your actions were as part of a continuing course of conduct. The only statement we do have from the trial court is the rejection of the post-trial motion, which seems to me to indicate that he either recognized, one, that I did find that, or that essentially these standards are the same, and my finding of a continuing course of conduct necessarily is a finding that these acts were done in furtherance of a single intention in design. Was it a part of the stipulated facts that the defendant stipulated to the fact that he would steal when he felt a need for money? So each incident was a separate one when he had a need for additional money? Not exactly. Was that a part of the stipulated facts? Well, no, because it's important to recognize that there was some uncharged conduct here that was also included in some of his statements that were stipulated to. In addition to taking games home from his own personal use, the 15 games that he's charged with stealing, he was also accused of, well, not technically accused, but all this came to light initially when the electronics boutique discovered that he was sort of selling games under the table and pocketing the money for himself. So in that respect, I believe the record indicated that his intention for doing that course of conduct was his desire for money. His intention for the charged conduct was his desire to take these games home for his personal use, which he did with each game. What's the standard of review? The standard of review for the sufficiency of the evidence is the traditional Jackson standard. Even in light of the fact it was stipulated? Yes, because defense counsel argues that all of the facts were undisputed, and that's not the case. The basic underlying facts were undisputed, that he took the 15 games. But the ultimate factual question in this case was whether or not those basic facts could lead to the further factual finding of single intention and design or a continuing course of conduct. I believe it's on page 1 and 2 of the defendant's reply brief. He ellipses out the last part of the Jackson standard where the court says that it's the trial, the fact finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. And that's precisely what happened here. It was the trial court's job to weigh the evidence, weigh the basic undisputed facts, and then to make the further factual finding that was at the heart of it. The facts that he was considering were facts all contained in a stipulation to which there was no contest. Yes, that's correct. The ultimate fact is the finding of law as to what those facts say. No, I disagree with that. Why? Well, let me put it this way. Why is the trial court in a better position to make that conclusion, that the facts in question were the result of a single intention and design? And why is the trial court better able to do that than we are, looking at precisely the same facts that the trial judge was looking at? Well, I agree with you that in a case like this where the trial court is operating on basic undisputed facts, just as in a case where a trial court's operating on a cold record, the reviewing court is not necessarily in any worse off position to make the factual inference, but the case law is clear that those factual inferences are things that are delegated to the trial courts to make. In People v. Fuentes, this Court, in defining what an inference is, says that an inference is a factual conclusion that can rationally be drawn by considering other facts. Thus, an inference is merely a deduction that the fact finder may draw in its discretion. And I don't mean to quibble with you, but that was not a case involving a 100 percent stipulated trial. Well, technically, this was not a 100 percent stipulated trial. All of the evidence the State presented was by stipulation, but there was a key disputed factual issue, which is whether or not these seemingly otherwise disparate acts were all a single act. Some might say that's a question of law, not fact. Well, Brenezier says that the single intention and design element is a question of fact. This Court in Brenezier said that. So in that sense, it's different. However, counsel, the Court actually didn't make an actual finding on that, and you admit that. It was only after the post-trial motion occurred that he said, oh, yeah, by the way, I did. He took it into consideration, but at the actual trial, he didn't say. Well, there's no requirement that the trial court issued a detailed opinion explaining its finding of each fact. The finding of guilt beyond a reasonable doubt is a finding of guilt on every fact. Of course, for the charges. Yes. And in this particular case, the defendant wasn't charged with that. You said the indictment was deficient. It was, I would agree that it was technically deficient. If this had been a case where the defendant pre-trial had moved to quash the information on the grounds it did not strictly comply with Section 111-3, he most likely would have won. He could have said that this is not in strict compliance. But the question here, he has to prove prejudice under quadrato. And the defendant does not, I don't think the defendant has contested the fact that the trial court did find that all of these acts were done during a continuing course of conduct. And he hasn't really contested the fact that the evidence was sufficient to show that. The question then is, how different are those two standards? Is there something he could have done differently had the information used to phrase it? He's contesting the single intention and design portion of it. Well, he says the evidence was insufficient to find that fact. But he hasn't explained how evidence that would be sufficient to find during a continuing course of conduct would be insufficient to find single intention and design. And I think a good way to look at this is, the defendant says that during the continuing course of conduct just relates to the conduct of the defendant. Whereas a single intention and design is a mental state. And he takes that, that's just from the third district's decision in Arbo. There's no other case law defining that as a mental state. But I think the correct way to look at both of these elements is a way to link up otherwise discrete conduct. In essence, to say that, to say that otherwise separate actions were all part of a continuing course of conduct is to say that each one of those constituent acts was done with the same intention and following the same design. Which is why the state, in this case, couldn't have aggregated all of the thefts by way of selling games under the table and pocketing the money with the thefts which were by way of taking games home for personal use. Those were each done for a different intention and by a different design. Each of these acts of taking, within a span of I think 41 days, he took home 15 games, which is essentially maybe one game every third day. He would take a game home for his own personal use. His modus operandi was the same. The intention was the same. The defense counsel argues that the intention was somehow different. It was each one was just an impulse. I want to take this game home. But I think that's looking at it too narrowly. The intention in each case was to take home a game for your own personal use. I don't think there would be any requirement that each game had to be the exact same game. Counselor, in this case, had this been a jury trial and had the charge been just as it is now that this was done during a continuing course of conduct, and had the jury been improperly instructed that that was one of the elements that they would have found, could this conviction stand? Yes, it could. Your Honor, the situation you mentioned is the situation from Nieder v. United States. It's actually a better situation from the people's standpoint than Nieder v. United States. If the jury is never asked to find whether this was done in furtherance of a single intention or design, never made that finding, it would still stand? Yes. Let me explain why. It would be subject to the harmless error standard. Nieder said that failure to instruct the jury on a material element of the offense is subject to harmless error. Suppose this had been a jury trial. This is a case where we wouldn't even say that the jury had not been instructed at all on the aggregation element, but that it had been misinstructed, which the United States Supreme Court and Nieder analyzed it to. I want to point out that I don't believe this was raised in the defendant's opening brief. But in any event, I believe that the correct standard to apply would be Nieder v. United States. The people would have to demonstrate that beyond a reasonable doubt, the misinstruction on the element did not contribute to the verdict. And in that case, I think where the defendant has not shown how it is reasonable to say that a trial court or a fact finder could find that all of these disparate acts were done during the continuing course of conduct, but then at the same time, that trial court would not necessarily find that each one of those constituent acts was done in furtherance of the same intention and design. I think for all practical purposes, there's really no difference between those formulations. And in that case, the error would be harmless, supposing this had been a jury trial. And I think that's probably the correct way to analyze this. Briefly, if there are no further questions on that issue, I'd like to briefly address the stipulations issue. I think that issue is clearly foreclosed by this Court's decisions in both Campbell and Phillips, which clearly say that admonishments are required only one, where the stipulation is not an evidentiary stipulation, but actually a stipulation that the evidence is sufficient to convict, and that's actually now in Rule 402. And the other instance where admonishments are required is where the State's entire case is presented by stipulation, and the defendant does not present or preserve a defense. I think that's clear now, especially after Phillips, that that was the holding in Campbell that both prongs have to be proved. Did the defendant testify in this case? No, he did not. Did anyone testify on behalf of the defense? No, he did not. The case was submitted on the stipulated two evidence, which was the police reports, the defendant's statement, I believe a list that was compiled by the store about the value of the games, and then from there the parties argued the ultimate factual issue, which was what? What was the evidence presented by someone other than the State? There was no evidence presented by somebody other than the State. But that doesn't mean the defendant can present or preserve a defense other than by putting on testimony or evidence. His defense was one of the most basic defenses that a defendant could put on, which is that I agree with this evidence the State has presented, but under that evidence you haven't shown the key factual thing that you have to show. That was argument. Well, that was argument, but that's a defense. That was his defense. There's really no way to make that defense by presenting. In this case, the State proceeded believing they had a felony and the defense proceeded believing they had a misdemeanor. Is that correct? Exactly. And the misdemeanor wasn't charged, so the defendant's argument is I'm not guilty of this felony. And we can see that from his closing argument. I just want to point out that, essentially, I think the defendant's argument here is trying to make an end run around Strickland. The proper way that you challenge your counsel's tactical or strategic decisions is to allege that it was ineffective assistance of counsel. And in this fact, the court held in Campbell and Phillips that these are the decision to stipulate to evidence and waive the confrontation right as a tactical or strategic decision. And that decision should be challenged under Strickland. And the defendant, of course, here hasn't alleged in what way that was deficient, what counsel could have done to challenge those undisputed facts or how he was prejudiced by the failure to challenge those facts. And... So the appellate court rejected the opposition in Campbell? Excuse me? The appellate court rejected our position in Campbell. Is that correct? No, no. The appellate court below in this case? Yes. It applied this court's decision in Campbell and Phillips, which holds that you're only entitled to admonishments if counsel stipulates that the evidence is sufficient to convict, which is the functional equivalent of a guilty plea, or if all of the state's evidence is presented by stipulation and the defendant does not present or preserve a defense, which this court has clearly held in Phillips is the only time other admonishments are required. Here, because the defendant did present and preserve a defense, this was not the functional equivalent of a guilty plea. I think by looking at this court's language, especially in Campbell, you see that the court was concerned with... Did that cover a situation where the defendant presents a defense only through argument and not through evidence? Well, Campbell was just concerned with the issue of whether or not the right to confrontation was a personal right that could only be waived after admonishments, and the court held that that's not the case. And then from there, I think this is important, the court was concerned with situations where stipulations actually are not tactical or strategic decisions, but actually amount to a guilty plea. And that's... If you look at the... For the... On the first prong, the stipulation is that the evidence is sufficient to convict. That came from Horton and has now been incorporated in Rule 402. The second prong, that all the state's case is presented by stipulation, and the defendant does not present or preserve a defense, this court seemed to look to Brookhart v. Janus, the U.S. Supreme Court case, where the court talked about how, in that case, it was just a prima facie trial where there was no real contesting of guilt. Again, something that's the functional equivalent of a guilty plea, which would require admonishments. Here, that's simply not the case. There was a vigorous contesting of the defendant's guilt, not by contesting the basic underlying facts, which there was really nothing to contest, but contesting what further factual inferences could be drawn from that. And if there was any problem with that, the correct way to deal with that problem is through Strickland. I see my time is up. If there are no further questions, we would ask this court to affirm the judgment of the appellate court. Thank you. Please, the court. I'd like to point out on page 36 of my brief, these facts, quote, these facts show that the circuit court never considered the proper element, unquote. Quote, certainly a defendant is highly prejudiced when a trier of fact does not consider an element of an offense, especially when the missing element relates to the main issue at trial, guilt of a felony or guilt of a misdemeanor. I did raise it in my brief. However, the state has not raised in its brief, its argument now, an oral argument, that there's no difference between continuing a course of conduct and single intention in design. It didn't take on the, it didn't make any argument that the appellate court was wrong, which it would have had to to make that argument, in finding that the charge was deficient. It didn't make any argument that these two phrases are synonymous. I mean, single intention in design even has the word intent in it. The third district is absolutely correct that it describes a mental state. Course of conduct, plainly describes a course of conduct. As I recall, there may even be an IPI instruction on knowledge, which defines knowledge in two separate ways, either like as a matter of what the person's intentions were or whether it describes their conduct. They're two different things. They're not synonymous. The state hasn't shown how. Again, the judge here never considered, and this is an important fact, the judge never considered the appropriate element and applied it. It was never mentioned at trial. Counsel even correctly points out that during a course of conduct doesn't charge anything. Judge just finds the guy guilty. When counsel presents it, the judge doesn't say, you're right. As a reasonable judge would, you're right, I'm right, but what I considered that. It just says, you know, I looked at that and you're wrong. This denial of a motion means it didn't agree with defense counsel. On the standard of review issue brought up by Your Honor, it seems to me that where you have a stipulation where all the facts are stipulated and where defense counsel, in fact, gets up in trial and says, you know, Your Honor, the facts really aren't in dispute here. The state didn't call him on it. No one called him on it. It's only now when it makes a difference to the standard of review that we want to say, to try and conflate a legal inference, you know, with a factual dispute, you know, and call it a factual inference. Would you say that review would be de novo then? I do believe that review would be de novo actually for two different reasons. One, under this court's case law in Smith and in Ray Ryan B, which says that where there's no dispute of fact, you can review sufficiency of the evidence de novo. And the state denies in their brief, they claim these were just statutory interpretations, but I quote, from both of those opinions, where it's plain that it's sufficiency of the evidence review that this court is undertaking. And the second reason is that, as I pointed out in more detail in my reply brief, Jackson presupposes, the Jackson v. Virginia deferential standard presupposes a properly instructed trier of fact. And here we don't have that. The proper element is not alleged. It's not mentioned at trial. It's not mentioned at the verdict. It's not mentioned until a post-trial motion, and the judge doesn't even admit there's anything wrong. Doesn't even say, you know what, you're right, defense counsel, but I considered that when I did my verdict, or I reconsidered that, or let's start over again, or something. Just know you're wrong. As for the state's reliance on NEDER, that's completely an opposite. NEDER involved the U.S. Supreme Court case on harmless error, where there's a missing element. That involved an uncontroverted element. I believe it was a dollar amount, which was never contested by the defendant. This goes to the actual contested element in the case, whether it's guilt of felony or guilt of a misdemeanor. NEDER is completely an opposite. As for counsel's remarks about an end run around Strickland, essentially the way I saw this issue was that it was the state's fault for not actually putting the correct language in the indictment in the first place, and I chose to frame the issue that way. I didn't believe it was defense counsel's fault. Defense counsel even correctly pointed out during the trial that, what is this during a course of conducting? This doesn't charge anything. I don't believe that by trying to reframe the issue as a Strickland issue, to have that standard apply, you can save the state from its error. Finally, concerning the standards, this court enlisted what it said in its holding in Campbell, which stated that either the case would be entirely stipulated or no defense is presented. If that is an accurate statement of law, then Mr. Rowell should have gotten some admonishments, at least to his right, to cross-examination. Phillips did not address that issue. Phillips also, like Campbell, involved a mix of live testimony and stipulation. And so I believe that just some short, simple admonishment, your counsel wants to stipulate to all the evidence in advance, do you agree to the stipulation knowing that by doing so, you waive your right to be confronted with the state's witnesses and to cross-examine them? Yes. And there's your on-the-record waiver. It doesn't take much time, and that's all you'd need. Are there any further questions? Thank you, Your Honors. Thank you, Mr. Ryan. Thank you, Mr. Levin. Case number 104-279, People of the State of Illinois v. Howard L. Rowell, is taken under advisement as agenda number four.